**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4081**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MATTHEW DICKEL,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg.  Joseph R. Goodwin, Chief District Judge.  (6:06-cr-00077-1)

─────────

Submitted:  August 29, 2008      Decided:  September 22, 2008

─────────

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Andrew J. Katz, THE KATZ WORKING FAMILIES' LAW FIRM, LC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Dickel pled guilty to making a false statement when purchasing a firearm and being an unlawful user of a controlled substance in possession of a firearm. He was sentenced to 180 months in prison, the statutory maximum. We affirm his sentence.

Dickel first asserts that the district court erroneously considered acquitted conduct when applying the murder cross-reference in U.S. Sentencing Guidelines Manual § 2K2.1(c)(2) (2003), while calculating his advisory guidelines range. According to Dickel, United States v. Booker, 543 U.S. 220 (2005), prohibits use of acquitted conduct. However, acquitted conduct is properly considered when calculating a guidelines range, even after Booker. See United States v. Brika, 487 F.3d 450, 459 (6th Cir. 2007), cert. denied, 128 S. Ct. 341 (2007); United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005); United States v. Williams, 399 F.3d 450, 453-54 (2d Cir. 2005).

Dickel also makes a similar, alternative argument, contending that the district court was permitted, but not required, to consider acquitted conduct. According to Dickel, the district court erroneously believed that it was required to consider this conduct. When sentencing a defendant, a district court must properly calculate the guidelines range, as a matter of administration and to secure nationwide consistency. The

2

guidelines are "the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007).

Here, the court considered Dickel's relevant conduct, heard evidence on the objections thereto, and made findings of fact. In calculating the guidelines range, the district court was required to consider the relevant conduct as outlined in the presentence report. To ignore or disregard certain evidence proven by a preponderance of the evidence would sidestep the court's duty to calculate the guidelines range. Of course, the court is free to consider the fact that the relevant conduct was also acquitted conduct and consider that issue when arriving at the final sentence. The court is even free, as it actually did here, to disregard the cross-reference, after it has been appropriately calculated, should the court determine that the cross-reference resulted in a harsher sentence than necessary. See Kimbrough v. United States, 128 S. Ct. 558, 575 (2007) (holding that district court may find the guideline's crack/powder disparity yielded a sentence "greater than necessary" to achieve the purposes of sentencing).

Accordingly, although Dickel is correct in part, his argument misses the point. While the court is free to make an individualized assessment based on the facts presented in determining whether an outside-guidelines sentence is warranted, see Gall, 128 S. Ct. at 596-97, the court must first determine the

3

advisory guidelines range after applying all the relevant guidelines, including the murder cross-reference. Had the court decided to not apply certain guidelines or to ignore relevant conduct proved by a preponderance of the evidence, the court would have committed significant procedural error. See United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008). Accordingly, the district court correctly considered Dickel's acquitted conduct, proven by a preponderance of the evidence,[*] when calculating his guidelines range.

Dickel next asserts that the district court applied the wrong standard of proof when using evidence of his physical and emotional abuse of his girlfriend to impose a variance sentence, 600 percent higher than the advisory guidelines range without the murder cross-reference (which the court was hesitant to use to justify an increased sentence, as Dickel had been acquitted of murder by a state jury). According to Dickel, the Supreme Court requires that a higher standard of proof be used when judge-found facts lead to a much longer term of incarceration. See McMillan v. Pennsylvania, 477 U.S. 79, 86-88 (1986) (holding that permitting a greatly enhanced sentence under a preponderance of the evidence standard would be tantamount to the enhancement becoming the "tail

_____

[*]The district court actually found these facts beyond a reasonable doubt.

4

that wags the dog" of the substantive offense and would violate due process).

We recognized pre-<u>Booker</u> that the Due Process Clause imposes some limitations on the use of sentencing factors proven only by a preponderance of the evidence; however, we have never defined those limits and have never declared a sentence invalid on the basis that a sentencing factor was established by an inadequate standard of proof. <u>See</u> <u>United States v. Hammoud</u>, 381 F.3d 316, 354-55 (4th Cir. 2004), <u>vacated</u>, 543 U.S. 1097 (2005). We decline to address the issue in light of <u>Booker</u> in this case, because any error here was harmless. <u>See</u> <u>United States v. Olsen</u>, 519 F.3d 1096, 1106 (10th Cir. 2008) (applying harmless error review in similar case). The district court found beyond a reasonable doubt that Dickel murdered his girlfriend. The court made this finding largely based on evidence of Dickel's continued abuse of her and his repeated threats. While the court separately stated that it made findings regarding this abuse by a preponderance of the evidence, it is clear that under any standard of proof, the evidence showed that Dickel repeatedly abused his girlfriend and was a violent and dangerous person, the facts underlying the court's decision to impose an enhanced sentence.

Accordingly, we affirm Dickel's sentence. We dispense with oral argument because the facts and legal contentions are

5

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
